UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23889-BLOOM

SCOTTY SANTOS DIAZ,

    Plaintiff,

v.

SGT. INEZ MARTIN,
WARDEN JOSE COLON,
DR. FRANCK PAPILLON,

    Defendants.
    _____/

## ORDER ON MOTION TO STAY PROCEEDINGS

**THIS CAUSE** is before the Court on Defendants' Motion to Stay Proceedings Pending the Court's Ruling on Defendants' Motion to Dismiss, ECF No. [30] (the "Motion to Stay"). The Court has carefully reviewed the Motion to Stay, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Stay is denied.

Plaintiff is a *pro se* prisoner confined at the Dade Correctional Institution, who alleges that multiple prison officials violated his Eighth Amendment Rights through the use of excessive force and deliberate indifference to his serious medical needs. Following initial screening, the Court determined that Plaintiff's excessive force claim against Defendant Inez Martin and deliberate indifference claim against Defendant Warden Jose Colon should proceed. *See* ECF No. [18]. On April 13, 2021, Defendants filed their joint Motion to Dismiss, ECF No. [29], arguing that Plaintiff's excessive force claim is barred by the *Heck* doctrine, Plaintiff's claims fail for failure to exhaust administrative remedies, failure to state a claim, and qualified immunity. *See* ECF No.

[29]. In the Motion to Stay, Defendants contend that the Court should stay further proceedings and discovery in this case until the Court has ruled upon the Motion to Dismiss.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

As an initial matter, the Court does not find that Defendants have demonstrated that discovery would be unduly burdensome, much less have they made a "specific showing" of prejudice or difficulty that is required to impose a stay on discovery. *See Montoya*, 2014 WL 2807617 at *2 (conclusory statements regarding burdensome discovery could not support stay); *Ray*, 2012 WL 5471793, at *3 (rejecting stay where defendant "ha[d] not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay").

Moreover, Defendants' reliance on *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1368 (11th Cir. 1997), is misplaced. *Chudasama* does not state a general rule that discovery should be stayed pending resolution of a motion to dismiss. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone*, 2008 WL 2906719, at *1 ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In addition, the cases cited by Defendants to support the contention that a stay is especially warranted when a government official raises an immunity defense do not state such a general rule either. In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray*, 2012 WL 5471793, at *3 (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed").

Case No. 20-cv-23889-BLOOM

In addition, the Court has taken a "preliminary peek" at Defendants' Motion to Dismiss. *Pereira v. Regions Bank*, 6:12-CV-1383-ORL-22, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012). In deciding whether to grant a stay, the Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011). Upon review, under the particular circumstances present here, the Court does not agree that a stay of discovery is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Stay, **ECF No. [30]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Scotty Santos Diaz, *pro se*
670614
Dade Correctional Insitution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, Florida 33034